IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HUGO NELSON MELGAR-GARCIA,    :
                             :
       Plaintiff             :
                             :   CIVIL NO. 1:CV-07-1071
       vs.                   :
                             :   (Judge Caldwell)
UNITED STATES OF AMERICA,    :
                             :
       Defendant             :


*M E M O R A N D U M*

I.   *Introduction*

        Plaintiff, Hugo Nelson Melgar-Garcia, filed this action
pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671,
et seq., seeking damages as a result of an alleged assault by
federal correctional officers at USP-Lewisburg, Pennsylvania. (Doc.
1, Compl.). Melgar-Garcia, confined at the Coleman Federal
Correctional Complex in Coleman, Florida, was formerly incarcerated
at Lewisburg.

        Presently before the Court is Plaintiff's "Motion for Re-
Alledging (sic)". In that motion, Melgar-Garcia reasserts the basic
elements of his Complaint, implies that he has not received copies
of the documents Defendant filed in connection with its Motion for
Summary Judgment, and seeks appointment of counsel. For the
following reasons, the Court will direct the Clerk of Court to
supply Plaintiff with copies of Defendant's summary-judgment

materials (docs. 16-19), deny Plaintiff's request for counsel, and direct Plaintiff to file opposition to Defendant's summary-judgment motion on or before January 21, 2008.

II.  *Discussion*

    A.  *Motion for Appointment of Counsel*

In support of his request for counsel, Melgar-Garcia simply suggests that he "is a prisoner proceeding pro-se, and doesn't have the funds to hire councel (sic)". (Doc. 20). The Court finds that the facts of case do not warrant appointment of counsel at this time. Hence, Melgar-Garcia's motion for counsel will be denied.

Title 28 U.S.C. § 1915(e)(1) provides that a district court may request an attorney to represent an indigent litigant in a civil case. Under § 1915(3)(1), the court has broad discretion to determine whether appointment of counsel is warranted in a particular case. While a district court may, in its discretion, appoint counsel under 28 U.S.C. § 1915, a prisoner does not have a constitutional or statutory right to counsel in a civil case. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Additionally, the court has no funds to pay an attorney who may accept appointment (although attorney's fees are available under 42 U.S.C. § 1988 if a plaintiff

-2-

becomes a "prevailing party" in the litigation).  The United States
Court of Appeals for the Third Circuit has stated that appointment
of counsel for an indigent litigant should be made when
circumstances indicate "the likelihood of substantial prejudice to
him resulting, for example, from his probable inability without
such assistance to present the facts and legal issues to the court
in a complex but arguably meritorious case." *Smith-Bey v. Petsock*,
741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in
evaluating the expenditure of the "precious commodity" of volunteer
counsel is whether the plaintiff's case "has some arguable merit in
fact *and* law." *Montgomery*, 294 F.3d at 499 (emphasis added). Next,
if plaintiff's claims meet this threshold review, other non-
exclusive factors to be examined are:

> 1. the plaintiff's ability to present his or her
> own case;
>
> 2. the difficulty of the particular legal
> issues;
>
> 3. the degree to which factual investigation
> will be necessary and the ability of the
> plaintiff to pursue investigation;
>
> 4. the plaintiff's capacity to retain counsel
> on his or her own behalf;
>
> 5. the extent to which a case is likely to turn
> on credibility determinations, and;
>
> 6. whether the case will require testimony from
> expert witnesses.

*Montgomery*, 294 F.3d at 499, *citing Tabron*, 6 F.3d at 155-57.

Following the *Tabron* analysis, this Court will first look at the merits of Plaintiff's case. At this point in the proceedings, the Court must, accept Melgar-Garcia's allegations, which are that he was assaulted in February 2007 by federal correctional staff. However, Defendant's pending motion argues that this Court lacks jurisdiction to entertain Melgar-Garcia's claim due to his failure exhaust administrative remedies under the FTCA. (*See* Doc. 18, Defendant's Summary Judgment Brief). Whether Plaintiff has properly exhausted his FTCA administrative remedies prior to initiating this action is a simple matter that is well within Melgar-Garcia's ability to address.

An assessment of the remaining *Tabron* claims militates against appointment of counsel. Under *Tabron,* courts should consider "plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 155. Plaintiff's prior litigation experience supports a finding that, at this point, his educational and financial limitations will not impede his ability to present his claims. Plaintiff is able to clearly communicate his claims to the Court and does not suffer from any obvious impediment that impacts his ability to represent himself. Further, any concern over his own inexperience as a

-4-

litigant is unnecessary as his pro se pleadings are given a liberal construction by the Court. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Additionally, although indigent, Melgar-Garcia has not demonstrated that he lacks the capacity to retain pro bono counsel on his own behalf. The Court finds that Melgar-Garcia's position as an inmate, proceeding pro se, does not prejudice him in the pursuit of his negligence claim.

We will issue an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: January 9, 2008

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


  HUGO NELSON MELGAR-GARCIA,      :
                                  :
          Plaintiff               :
                                  :    CIVIL NO. 1:CV-07-1071
          vs.                     :
                                  :    (Judge Caldwell)
  UNITED STATES OF AMERICA,       :
                                  :
          Defendant               :
```

## O R D E R

AND NOW, this 9th day of January, 2008, it is ordered that:

    1.    Plaintiff's Motion (doc. 20) for Re-
          Allegdging (sic), is DENIED.

    2.    As Plaintiff's motion, in part, seeks
          the appointment of counsel, it will
          be construed, in part, as a motion
          for appointment of counsel and DENIED
          without prejudice.

    3.    The Clerk of Court shall send
          Plaintiff copies of Defendant's
          summary-judgment materials (docs. 16-
          19).

    4.    Plaintiff shall file a properly
          supported opposition to Defendant's
          Motion for Summary Judgment on or
          before January 28, 2008, or the
          motion will be treated as unopposed.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge