```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

  HUGO NELSON MELGAR-GARCIA,    :
                                :
       Plaintiff                :
                                :   CIVIL NO. 1:CV-07-1071
       vs.                      :
                                :   (Judge Caldwell)
  UNITED STATES OF AMERICA,     :
                                :
       Defendant                :
```

*M E M O R A N D U M*

*I.   Introduction.*

On June 13, 2007, Plaintiff Hugo Nelson Melgar-Garcia (Melgar-Garcia), an inmate formerly housed at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg),[1] filed this pro se civil rights action pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 2671, *et seq.* The sole defendant is the United States. Melgar-Garcia alleges that on February 23, 2007, while standing nude in his Special Housing Unit (SHU) cell, Lt. T.L. Hooper assaulted him. As a result, Melgar-Garcia required four sutures to close a wound on the right side of his head. (Doc. 1, Complaint).

Presently before the Court is Defendant's Motion for Summary Judgment based on Plaintiff's failure to exhaust

---

[1] Melgar-Garcia is currently housed at USP-Coleman II, Coleman, Florida.

administrative remedies under the FTCA.  We will evaluate the motion under the well-established standard.  *See In re Color Tile Inc.*, 475 F.3d 508, 512 (3d Cir. 2007).  Defendant's motion will be granted for failure to exhaust administrative remedies.

*II.  Undisputed Facts Established by the Record.*

Melgar-Garcia alleges that, while he was housed at USP-Lewisburg, he was assaulted by a staff member on February 23, 2007.  After the alleged assault, he was taken to the institution's medical unit where he received four stitches for a laceration on the right side of his head.  (Doc. 1, Complaint; Doc. 1-2, Inmate Injury Assessment and Followup at R. 3).[2]  On April 19, 2007, plaintiff filed a request for administrative remedy with the Regional Director, who rejected it on May 23, 2007.  (Doc. 1-2, Administrative Remedy Request at R. 1 and Rejection Notice at R. 2).  Melgar-Garcia was directed to refile his request at the institutional level.  (*Id.*)  Melgar-Garcia attached a Claim for Damage, Injury or Death to the documents he has submitted in support of his civil action.  *See* Doc. 1-2, Standard Form 95 at R. 10.  The claim form is dated June 11, 2007,

---

[2] "R." or "RR." references are to the CM/ECF pagination of the document cited.

and reflects that it was submitted to this Court and not the Federal Bureau of Prisons (BOP).  (*Id.*)

The BOP's records indicate that Plaintiff did not file an administrative FTCA claim on any issue related to the February 2007 staff assault.  (Doc. 19, Defendant's Statement of Material Facts (DSMF) at ¶¶ 1-2; Doc. 19-2, Cunningham Decl. at ¶¶ 1-2, R. 3).

*III. Discussion.*

The Federal Tort Claims Act (FTCA) applies to federal inmates alleging personal injuries sustained while incarcerated because of negligence of government employees, *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), and provides the exclusive remedy for tort actions against the federal government.  The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances,'" *Dolan v. United States Postal Serv.*, 546 U.S. 481, 485, 126 S.Ct. 1252, 1256, 163 L.Ed.2d 1079 (2006)(*citing* 28 U.S.C. § 2674).

In order to maintain a suit under the FTCA, a claimant must present his claim to the appropriate federal agency prior to filing a civil action in federal district court.  *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21

(1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ... to the appropriate Federal agency" before suit may be filed).  The claimant must present his administrative tort claim in writing to the appropriate federal agency within two years of its accrual. *See* 28 U.S.C. § 2401(b); *Tucker v. United States Postal Serv.*, 676 F.2d 954, 956 (3d Cir. 1982).  The claim must include notification of the incident and a sum certain request for monetary damages.  *See* 28 C.F.R. § 17.2; 28 C.F.R. § 14.2.  Presentment of an administrative tort claim to the appropriate federal agency is a jurisdictional requirement which cannot be waived.   *McNeil*, 508 U.S. at 106, 111, 113 S.Ct. 1980, 1984; *Roma v. United States*, 344 F.3d 352, 363 (3d Cir. 2003).

It is undisputed that Melgar-Garcia failed to submit a claim for damage, injury, or death on the Standard Form 95 to the BOP for the incident of February 23, 2007, before filing this action.  The fact that plaintiff completed such a form, addressed it to this Court, and attached it to his civil action is of no import.  Melgar-Garcia has not exhausted his administrative remedies under the FTCA as he did not present the form to the appropriate federal agency, the BOP.  Thus, this Court lacks

-4-

jurisdiction to proceed with the claims presented in the Complaint.  *See Roma*, 344 F.3d at 363.  As such, the United States is entitled to summary judgment.

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: June 3, 2008

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HUGO NELSON MELGAR-GARCIA,      :
                                :
    Plaintiff                   :
                                :   CIVIL NO. 1:CV-07-1071
    vs.                         :
                                :   (Judge Caldwell)
UNITED STATES OF AMERICA,       :
                                :
    Defendant                   :
```

*O R D E R*

AND NOW, this 3rd day of June, 2008, for the reasons set forth in the accompanying memorandum, it is ordered that:

1. Defendant, United States of America's, Motion for Summary Judgment (doc. 16) is granted.

2. The Clerk of Court is directed to enter judgment in favor of Defendant and to mark this matter closed.

3. The Clerk of Court shall forward a copy of this Order to Plaintiff at the following address: USP Coleman II, P.O. Box 1034, Coleman, FL 33521.

/s/William W. Caldwell
William W. Caldwell
United States District Judge